[703 NYS2d 30]

In the Matter of Toby Y. Saffir (Admitted as Toby Yassmin Saffir), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, February 3, 2000

## APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Toby Yassmin Saffir, was admitted to the

practice of law in New York by the First Judicial Department on September 21, 1992. She was also admitted to practice in Connecticut on June 12, 1992. By an order entered May 6, 1999, petitioner was suspended from the practice of law in New York for nonpayment of registration fees, such suspension continuing to date.

Presently, the Departmental Disciplinary Committee (the DDC) seeks an order disbarring respondent pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 and predicated upon her disbarment by the Superior Court of the State of Connecticut for the Judicial District of Hartford-New Britain on July 8, 1998. That court disbarred respondent based upon a finding that she failed to file a lawsuit on behalf of a client prior to the expiration of the Statute of Limitations, failed to communicate with the client regarding the status of the case and failed to advise the client of her failure to file suit, in violation of Connecticut Rules of Professional Conduct (CRPC), rules 1.3 and 1.4 (a). Upon receipt of the Connecticut Superior Court order, the DDC prepared the petition at bar and commenced an investigation into respondent's whereabouts in order to serve her with the petition. Respondent has not been located and it is presumed that she has fled abroad. By an order entered October 4, 1999, this Court permitted the DDC to serve the petition by publication pursuant to Judiciary Law § 90 (6).

In seeking an order disbarring respondent, the DDC asserts that respondent, had she appeared, would have been precluded from raising any defense enumerated in 22 NYCRR 603.3 (c). Although respondent never participated in the Connecticut proceedings, she was afforded notice and opportunity to do so (22 NYCRR 603.3 [c] [1]), the Connecticut Superior Court's findings are undisputed and supported by the record (22 NYCRR 603.3 [c] [2]), and the misconduct for which respondent was disciplined by the Connecticut Superior Court constitutes misconduct in New York (22 NYCRR 603.3 [c] [3]).

In the latter regard, Connecticut Superior Court found that respondent violated CRPC 1.3 in that she failed to exercise reasonable diligence in representing the complainant by failing to file suit in the matter prior to the expiration of the limitations period, and by failing to communicate with the complainant regarding the matter after October 1995. Furthermore, the court held that her failure to adequately communicate with the complainant regarding the status of the matter also violated CRPC 1.4 (a) and (b), which require an attorney to keep a cli-

ent reasonably informed about the status of the matter. These provisions are analogous to Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30), which prohibits "[n]eglect [of] a legal matter entrusted to the lawyer." Inasmuch as no defense has been presented or exists, the DDC's petition for an order pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 should be granted.

Accordingly, the petition for an order disbarring respondent under the doctrine of reciprocal discipline pursuant to 22 NYCRR 603.3 should be granted, and respondent disbarred and her name stricken from the roll of attorneys and counselors-at-law.

SULLIVAN, J. P., WILLIAMS, RUBIN, BUCKLEY and FRIEDMAN, JJ., concur.

Petition granted and respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.